**Yitzchak Zelman, Esq.**
California Bar Number: 350053
**MARCUS & ZELMAN, LLC**
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Tel: (732) 695-3282
Fax: (732) 298-6256
yzelman@marcuszelman.com
Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| MUATASEM DREBI,<br><br>  Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC. and MISSION LANE TAB BANK,<br><br>  Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Plaintiff, Muatasem Drebi, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") Experian Information Solutions, Inc. ("Experian") and Mission Lane Tab Bank ("MLTB") have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

2. Plaintiff further alleges that Defendants failed to follow reasonable

procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's dispute.

3. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

4. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of California and violated Plaintiff's rights under the FCRA in the state of California as alleged more fully below.

5. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, Muatasem Drebi ("Plaintiff"), is a resident of Irvine, California and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting

agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

8. Experian is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

9. Defendant Mission Lane Tab Bank ("MLTB") is a financial institution with its principal office in Richmond, Virginia.

## FACTUAL ALLEGATIONS

10. Sometime prior to February of 2025, Plaintiff discovered an inaccurate tradeline on his Experian credit report.

11. Specifically, Plaintiff discovered that Experian was reporting duplicate negative Mission Lane Tab Bank tradelines with identical account numbers.

12. This reporting contained inaccurate information because Plaintiff did not have two accounts with MLTB.

13. Plaintiff immediately checked his other two credit reports, Equifax and Transunion, and confirmed that they were both accurately reporting only one MLTB account.

14. Plaintiff followed up and called MLTB and a representative confirmed that they only had one account with Plaintiff.

15. Accordingly, on several occasions, including or about February 2, 2025, Plaintiff sent disputes regarding the duplicate MLTBs accounts to Experian, specifically indicating that there should only be one MLTB account on his report because the report included two identical derogatory accounts.

16. Experian received this dispute, as evidenced by their response to Plaintiff on February 3, 2025.

17. Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or remove the duplicate MLTB account from Plaintiff's credit file. Instead, that information is still being reported today.

18. Upon information and belief, Experian had all the information it needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

19. Experian and MLTB were each notified of the Plaintiff's dispute but refused to investigate and/or remove the inaccurate reporting.

20. At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under section 1681s, 1681i and 1681b of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

21. Additionally, Defendants' violations of the FCRA were negligent.

21. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

22. In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

23. As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and the defamatory harm that Plaintiff has suffered as a result of having this fraudulent, negative information attributed to him and disseminated to creditors. For example, Plaintiff has been denied financial opportunities due to these derogatory inaccuracies.

24. Defendants' violations of the FCRA further caused the Plaintiff great distress, anger, annoyance and frustration in his daily life, and subjected the Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free.

### COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EXPERIAN

25. All preceding paragraphs are realleged.

26. At all times pertinent hereto, Experian was a "consumer reporting agency"

("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

27. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

28. On or about February 2, 2025, the Plaintiff initiated a dispute with Experian requesting that the company correct specific items in his credit file that were patently inaccurate and damaging to him, namely the damaging duplicate MLTB account.

29. Experian received the Plaintiff's dispute letter, as evidenced by Experian's response to the Plaintiff on February 3, 2025.

30. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

31. Instead, Experian, having either conducted no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

32. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

33. All preceding paragraphs are realleged.

34. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

35. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate Mission Lane Tab Bank account information being reported on the Plaintiff's credit report, especially where a basic investigation of the Plaintiff's dispute would have corroborated Plaintiff's dispute.

36. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff have been harmed, as explained above.

## COUNT III
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 U.S.C. § 1681s-2(b)
## AGAINST MISSION LANE TAB BANK

37. All preceding paragraphs are re-alleged.

38. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

COMPLAINT
-7-

39. On or around February 2, 2025, Plaintiff initiated a dispute with the Experian disputing the accuracy of the account being reported by Defendant MLTB.

40. Upon information and belief, MLTB received notice of Plaintiff's dispute from the credit bureau Experian.

41. MLTB was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

42. Even after the Plaintiff properly disputed these accounts with the credit reporting agency, MLTB refused to conduct a reasonable investigation and continued inaccurately reporting the inaccurate account on Plaintiff's credit reports.

43. MLTB's conduct violated section 1681s-2(b) of the FCRA.

44. As a result of MLTB's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

45. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: April 10, 2025

            MARCUS & ZELMAN, LLC

            /s/ Yitzchak Zelman
            Yitzchak Zelman, Esq.
            MARCUS & ZELMAN, LLC
            701 Cookman Avenue, Suite 300
            Asbury Park, New Jersey 07712
            (732) 695-3282 telephone
            (732) 298-6256 facsimile
            *Attorney for Plaintiff*